Gershengorn, J.
This action arises from injuries plaintiff, Vanessa Rios, allegedly suffered due to ingesting lead paint while she lived in property owned by defendants. Defendants move for summary judgment pursuant to Mass.R.Civ.P. 56, and assert that plaintiff is unable to establish causation. In essence, each defendant is arguing that plaintiffs injuries did not occur while they owned the property. As to this argument, this Court finds that material issues of fact exist. The evidence does not establish exactly when plaintiff ingested the lead and the parties’ materials indicate that ingestion could have occurred during either defendant’s ownership. The resolution of this issue is best left to the jury.
Defendants are not relieved of liability simply because they did not own the property at the time plaintiff discovered her injury; rather if the evidence indicates plaintiff ingested lead during either defendant’s ownership of the property, the lead paint statute imposes liability. See Timosevic v. Sargent, Civ. Act. No. 89-27323 (Boston Housing Ct.). Clearly, the lead paint statute, G.L.c. Ill, §190 et seq., requires all properly owners to comply with statute, and if an owner’s failure to comply causes harm, the owner is liable for those injuries. See Timosevic, supra at n. 22. To rule otherwise would allow noncompliant property owners to sell their property and avoid liability for any harm they may have caused.
ORDER
This Court orders that defendant’s motions for summary judgment are DENIED.